**John Coletti**, OSB No. 942740
PAULSON COLETTI Trial Attorneys
1022 NW Marshall St., Ste. 450
Portland, OR 97209
Telephone: (503) 226-6361
Facsimile: (503) 226-6276
john@paulsoncoletti.com

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq., CA Bar No. 144074, appearing *Pro Hac Vice*
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

ANGELICA MATHENEY, individually and as Personal Representative of the ESTATE OF ISAAC MATHENEY; G.M., a minor by and through her guardian ad litem Angelica Matheney, individually; A.M., a minor by and through his guardian ad litem Angelica Matheney, individually; M.M., a minor by and through his guardian ad litem Angelica Matheney, individually; VICTORIA TAYLOR-MATHENEY, individually; KIASIA BAGGENSTOS, individually; BEUSE MATHENEY, individually; and LINDA DOMINGUEZ, individually,

Plaintiffs,

vs.

STATE OF OREGON; LAKE COUNTY; and DOES 1-10, inclusive,

Defendants.

Case No. 1:22-cv-01931-AA

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
3. Substantive Due Process (42 U.S.C. § 1983)
4. Municipal Liability—Ratification (42 U.S.C. § 1983)
5. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)

**DEMAND FOR JURY TRIAL**

FIRST AMENDED
COMPLAINT FOR DAMAGES

1

## COMPLAINT FOR DAMAGES

ANGELICA MATHENEY, individually and as Personal Representative of the Estate of ISAAC MATHENEY; G.M., a minor by and through her guardian ad litem Angelica Matheney, individually; A.M., a minor by and through his guardian ad litem Angelica Matheney, individually; M.M., a minor by and through his guardian ad litem Angelica Matheney, individually; VICTORIA TAYLOR-MATHENEY, individually; KIASIA BAGGENSTOS, individually; BEUSE MATHENEY, individually; and LINDA DOMINGUEZ, individually, for their Complaint against Defendants STATE OF OREGON, LAKE COUNTY, and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Isaac Matheney on January 1, 2021.

## PARTIES

4.      At all relevant times, Decedent ISAAC MATHENEY ("DECEDENT") was an individual residing in the City of Eureka, County of Humboldt, California.

5.      The ESTATE OF ISAAC MATHENEY brings this action as the successor in interest of DECEDENT. Plaintiff ANGELICA MATHENEY has filed the necessary documents in Lake County Circuit Court to be appointed Personal Representative of the ESTATE OF ISAAC MATHENEY. Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

6.      Plaintiff ANGELICA MATHENEY is an individual residing in the City of La Mesa, County of San Diego, California and is the legal spouse of DECEDENT. ANGELICA MATHENEY sues in her individual capacity as the wife of DECEDENT and seeks compensatory damages under federal law.

7.      Plaintiff G.M. is an individual residing in the City of La Mesa, County of San Diego, California and is the daughter of DECEDENT. G.M. sues in her individual capacity as the minor child of DECEDENT and seeks compensatory damages under federal law.

8.      Plaintiff A.M. is an individual residing in the City of La Mesa, County of San Diego, California and is the son of DECEDENT. A.M. sues in his individual capacity as the minor child of DECEDENT and seeks compensatory damages under federal law.

9.      Plaintiff M.M. is an individual residing in the City of La Mesa, County of San Diego, California and is the son of DECEDENT. M.M. sues in his individual capacity as the minor child of DECEDENT and seeks compensatory damages under federal law.

10.      Plaintiff VICTORIA TAYLOR-MATHENEY is an individual residing in the City of Portland, County of Multnomah, Oregon and is the daughter of DECEDENT. VICTORIA TAYLOR-MATHENEY sues in her individual capacity as the child of DECEDENT and seeks compensatory damages under federal law.

FIRST AMENDED                            3
COMPLAINT FOR DAMAGES

11.     Plaintiff KIASIA BAGGENSTOS is an individual residing in the City of Portland, County of Multnomah, Oregon and is the daughter of DECEDENT. KIASIA BAGGENSTOS sues in her individual capacity as the child of DECEDENT and seeks compensatory damages under federal law.

12.     Plaintiff BEUSE MATHENEY is an individual residing in the City of Klamath Falls, County of Klamath, Oregon and is the natural father of DECEDENT. BEUSE MATHENEY sues in his individual capacity as the father of DECEDENT and seeks compensatory damages under federal law.

13.     Plaintiff LINDA DOMINGUEZ is an individual residing in the City of Mammoth, County of Pinal, Arizona and is the natural mother of DECEDENT. LINDA DOMINGUEZ sues in her individual capacity as the mother of DECEDENT and seeks compensatory damages under federal law.

14.     At all relevant times, Defendant STATE OF OREGON ("STATE") is and was a duly organized public entity existing under the laws of the State of Oregon. STATE is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Oregon State Police ("OSP") and its agents and employees. At all relevant times, Defendant STATE is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of Oregon.

15.     At all relevant times, Defendant LAKE COUNTY ("COUNTY") is and was a duly organized public entity existing under the laws of the State of Oregon. COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Lake County Sheriff's Office ("LCSO") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of Oregon.

FIRST AMENDED                    4
COMPLAINT FOR DAMAGES

16.     At all relevant times, Defendants DOES 1-3 ("DOE TROOPERS") were duly appointed by STATE as OSP troopers and employees or agents of STATE, subject to oversight and supervision by STATE's elected and non-elected officials. DOES 1-3 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant STATE and the OSP, and under the color of the statutes and regulations of the State of Oregon.

17.     At all relevant times, Defendants DOES 4-6 ("DOE DEPUTIES") were duly appointed by COUNTY as LCSO deputies and employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. DOES 4-6 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant COUNTY and the LCSO, and under the color of the statutes and regulations of the State of Oregon.

18.     At all relevant times, Defendants DOES 7-8 are managerial, supervisorial, and policymaking employees of the OSP, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the OSP. DOES 7-8 were acting with the complete authority and ratification of their principal, Defendant STATE.

19.     At all relevant times, Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LCSO, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LCSO. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

20.     In doing the acts and failing and omitting to act as hereinafter described, DOE TROOPERS were acting on the implied and actual permission and consent of Defendant STATE.

21.     In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of Defendant COUNTY.

22.     DOES 1-10 are sued in their individual capacities.

23.     The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

24.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

25.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

26.     On or around December 28, 2021, Plaintiffs filed comprehensive and timely claims for damages with the State Oregon pursuant to the applicable sections of the Oregon Revised Statute.

27.     On or around December 28, 2021, Plaintiffs filed comprehensive and timely claims for damages with Lake County pursuant to the applicable sections of the Oregon Revised Statute.

## <u>FACTS COMMON TO ALL CLAIMS FOR RELIEF</u>

28.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

29.     This incident occurred on January 1, 2021, at approximately 10:45 a.m., DOE TROOPERS and DOE DEPUTIES encountered Decedent Isaac Matheney on Highway 31, north of Valley Falls, after deploying a spike trap to disable the vehicle DEDCEDENT was traveling in.

30.     On information and belief, after forcing DECEDENT's vehicle to come to a stop, DOE TROOPERS and DOE DEPUTIES exited their vehicles and pointed their department-issued firearms at DECEDENT.

31.     On information and belief, DECEDENT exited the vehicle unarmed.

32.     On information and belief, after DECEDENT exited his vehicle, DOE TROOPERS and DOE DEPUTIES opened fire on DECEDENT. On information and belief, at the time of the shooting DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to the DOE TROOPERS, DOE DEPUTIES, or anyone else. DOE TROOPERS and DOE DEPUTIES were not faced with an immediate or imminent defense of life situation and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody.

33.     On information and belief, despite having knowledge that DECEDENT was seriously injured by DOE TROOPERS and DOE DEPUTIES's use of deadly force, DOE TROOPERS and DOE DEPUTIES failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

34.     DECEDENT sustained multiple gunshot wounds to his body. DECEDENT died as a result of his injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY against Defendants DOE TROOPERS and DOE DEPUTIES)

FIRST AMENDED                           7
COMPLAINT FOR DAMAGES

35.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

36.     Defendants DOE TROOPERS and DOE DEPUTIES used excessive force against DECEDENT when they shot DECEDENT several times. Defendants DOE TROOPERS and DOE DEPUTIES's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

38.     The conduct of Defendants DOE TROOPERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

39.     The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants DOE TROOPERS and DOE DEPUTIES's shooting and use of force violated their training and standard police officer training.

40.     As a result of their misconduct, Defendants DOE TROOPERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

41.     Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY also seeks attorney's fees under this claim.

FIRST AMENDED                              8
COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY against Defendants DOE TROOPERS and DOE DEPUTIES)

42.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

43.     The denial of medical care by Defendants DOE TROOPERS and DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.    Defendants DOE TROOPERS and DOE DEPUTIES failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

45.    As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

46.    Defendants DOE TROOPERS and DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

47.    The conduct of Defendants DOE TROOPERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE TROOPERS and DOE DEPUTIES.

FIRST AMENDED
COMPLAINT FOR DAMAGES

48.    As a result of their misconduct, Defendants DOE TROOPERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

49.    Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. ESTATE OF ISAAC MATHENEY also seeks attorney's fees under this claim.

//

//

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ against Defendants DOE TROOPERS and DOE DEPUTIES)

50.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

51.    Plaintiff ANGELICA MATHENEY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff ANGELICA MATHENEY's familial relationship with her husband, DECEDENT.

52.    Plaintiff G.M. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff G.M.'s familial relationship with her father, DECEDENT.

FIRST AMENDED
COMPLAINT FOR DAMAGES                        10

53.     Plaintiff A.M. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff A.M.'s familial relationship with his father, DECEDENT.

54.     Plaintiff M.M. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff M.M.'s familial relationship with his father, DECEDENT.

55.     Plaintiff VICTORIA TAYLOR-MATHENEY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff VICTORIA TAYLOR-MATHENEY's familial relationship with her father, DECEDENT.

56.     Plaintiff KIASIA BAGGENSTOS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff KIASIA BAGGENSTOS's familial relationship with her father, DECEDENT.

57.     Plaintiff BEUSE MATHENEY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff BEUSE MATHENEY's familial relationship with his son, DECEDENT.

58.     Plaintiff LINDA DOMINGUEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state

FIRST AMENDED                              11
COMPLAINT FOR DAMAGES

actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff LINDA DOMINGUEZ's familial relationship with her son, DECEDENT.

59.    The aforementioned actions of Defendants DOE TROOPERS and DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ and with purpose to harm unrelated to any legitimate law enforcement objective.

60.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants DOE TROOPERS and DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ to be free from unwarranted interference with their familial relationship with DECEDENT.

61.    As a direct and proximate cause of the acts of Defendants DOE TROOPERS and DOE DEPUTIES, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ suffered emotional distress, mental anguish, and pain.  Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

62.    The conduct of Defendants DOE TROOPERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ and therefore

warrants the imposition of exemplary and punitive damages as to Defendants DOE TROOPERS and DOE DEPUTIES.

63.    Plaintiff ANGELICA MATHENEY brings this claim individually for the interference with her relationship with her husband DECEDENT and seeks wrongful death damages for the violation of Plaintiff ANGELICA MATHENEY's rights.  Plaintiff ANGELICA MATHENEY also brings this claim as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. Plaintiff ANGELICA MATHENEY, individually and as Personal Representatibe of ESTATE OF ISAAC MATHENEY seeks attorney's fees under this claim.

64.    Plaintiff G.M. brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff G.M.'s rights.  Plaintiff G.M. also seeks attorney's fees under this claim.

65.    Plaintiff A.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff A.M.'s rights.  Plaintiff A.M. also seeks attorney's fees under this claim.

66.    Plaintiff M.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff M.M.'s rights.  Plaintiff M.M. also seeks attorney's fees under this claim.

67.    Plaintiff VICTORIA TAYLOR-MATHENEY brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff VICTORIA TAYLOR-MATHENEY's rights.  Plaintiff VICTORIA TAYLOR-MATHENEY also seeks attorney's fees under this claim.

68.    Plaintiff KIASIA BAGGENSTOS brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff KIASIA BAGGENSTOS's rights.  Plaintiff KIASIA BAGGENSTOS also seeks attorney's fees under this claim.

FIRST AMENDED                              13
COMPLAINT FOR DAMAGES

69.     Plaintiff BEUSE MATHENEY  brings this claim individually for the interference with his relationship with his son DECEDENT and seeks wrongful death damages for the violation of Plaintiff BEUSE MATHENEY's rights.  Plaintiff BEUSE MATHENEY also seeks attorney's fees under this claim.

70.     Plaintiff LINDA DOMINGUEZ brings this claim individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff LINDA DOMINGUEZ's rights.  Plaintiff LINDA DOMINGUEZ also seeks attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants STATE OF OREGON, LAKE COUNTY, and DOES 7-10)

71.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

72.     Defendants DOE TROOPERS and DOE DEPUTIES acted under color of law;

73.     The acts of Defendants DOE TROOPERS and DOE DEPUTIES deprived DECEDENT and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ of their particular rights under the United States Constitution.

74.     A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE TROOPERS and DOE DEPUTIES, ratified Defendants DOE TROOPERS and DOE DEPUTIES' acts and the bases for them. The final policymaker knew of and specifically approved of Defendants DOE TROOPERS and DOE DEPUTIES' acts.

75.     Upon information and belief, a final policymaker has determined that the acts of Defendants DOE TROOPERS and DOE DEPUTIES were "within policy."

76.     By reason of the aforementioned acts and omissions, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA

FIRST AMENDED                                    14
COMPLAINT FOR DAMAGES

BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

77.     Accordingly, Defendants STATE, COUNTY, and DOES 7-10 each are liable to Plaintiffs ANGELICA MATHENEY individually and as personal representative to the ESTATE OF ISAAC MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ for compensatory damages under 42 U.S.C. § 1983.

78.     Plaintiff ANGELICA MATHENEY brings this claim individually for the interference with her relationship with her husband DECEDENT and seeks wrongful death damages for the violation of Plaintiff ANGELICA MATHENEY's rights.  Plaintiff ANGELICA MATHENEY also brings this claim as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. Plaintiff ANGELICA MATHENEY, individually and as Personal Representatibe of ESTATE OF ISAAC MATHENEY seeks attorney's fees under this claim.

79.     Plaintiff G.M. brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff G.M.'s rights.  Plaintiff G.M. also seeks attorney's fees under this claim.

80.     Plaintiff A.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff A.M.'s rights.  Plaintiff A.M. also seeks attorney's fees under this claim.

81.     Plaintiff M.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff M.M.'s rights.  Plaintiff M.M. also seeks attorney's fees under this claim.

82.     Plaintiff VICTORIA TAYLOR-MATHENEY brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff VICTORIA TAYLOR-MATHENEY's rights.  Plaintiff VICTORIA TAYLOR-MATHENEY also seeks attorney's fees under this claim.

83.     Plaintiff KIASIA BAGGENSTOS brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff KIASIA BAGGENSTOS's rights.  Plaintiff KIASIA BAGGENSTOS also seeks attorney's fees under this claim.

84.     Plaintiff BEUSE MATHENEY  brings this claim individually for the interference with his relationship with his son DECEDENT and seeks wrongful death damages for the violation of Plaintiff BEUSE MATHENEY's rights.  Plaintiff BEUSE MATHENEY also seeks attorney's fees under this claim.

85.     Plaintiff LINDA DOMINGUEZ brings this claim individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff LINDA DOMINGUEZ's rights.  Plaintiff LINDA DOMINGUEZ also seeks attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants STATE OF OREGON, LAKE COUNTY, and DOES 7-10)

86.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

87.     Defendants DOE TROOPERS and DOE DEPUTIES acted under color of law.

88.     The acts of Defendants DOE TROOPERS and DOE DEPUTIES deprived DECEDENT and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ of their particular rights under the United States Constitution.

89.     The training policies of Defendants STATE and COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.  Nor were they adequate to train the officers to properly use nonlethal and lethal force in the event that such force was warranted.  The officers were not trained in the proper use of equipment they carried with them, such as Tasers.

90.     Defendants STATE and COUNTY were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

91.     The failure of Defendants STATE and COUNTY to provide adequate training, including training with regards to mentally ill persons and use of force caused the deprivation of DECEDENT's and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ's rights by Defendants DOE TROOPERS and DOE DEPUTIES; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ's rights as to be the moving force that caused the ultimate injury.

92.     On information and belief, STATE and COUNTY failed to train Defendants DOE TROOPERS and DOE DEPUTIES properly and adequately.

93.     By reason of the aforementioned acts and omissions, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

94.     Accordingly, Defendants STATE, COUNTY, and DOES 7-10 each are liable to Plaintiffs ANGELICA MATHENEY individually and as personal representative to the ESTATE OF ISAAC MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA

FIRST AMENDED                              17
COMPLAINT FOR DAMAGES

BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ for compensatory damages under 42 U.S.C. § 1983.

95.     Plaintiff ANGELICA MATHENEY brings this claim individually for the interference with her relationship with her husband DECEDENT and seeks wrongful death damages for the violation of Plaintiff ANGELICA MATHENEY's rights.  Plaintiff ANGELICA MATHENEY also brings this claim as Personal Representative of the ESTATE OF ISAAC MATHENEY seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights. Plaintiff ANGELICA MATHENEY, individually and as Personal Representatibe of ESTATE OF ISAAC MATHENEY seeks attorney's fees under this claim.

96.     Plaintiff G.M. brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff G.M.'s rights.  Plaintiff G.M. also seeks attorney's fees under this claim.

97.     Plaintiff A.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff A.M.'s rights.  Plaintiff A.M. also seeks attorney's fees under this claim.

98.     Plaintiff M.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff M.M.'s rights.  Plaintiff M.M. also seeks attorney's fees under this claim.

99.     Plaintiff VICTORIA TAYLOR-MATHENEY brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff VICTORIA TAYLOR-MATHENEY's rights.  Plaintiff VICTORIA TAYLOR-MATHENEY also seeks attorney's fees under this claim.

100.     Plaintiff KIASIA BAGGENSTOS brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff KIASIA BAGGENSTOS's rights.  Plaintiff KIASIA BAGGENSTOS also seeks attorney's fees under this claim.

FIRST AMENDED                     18
COMPLAINT FOR DAMAGES

101.    Plaintiff BEUSE MATHENEY  brings this claim individually for the interference with his relationship with his son DECEDENT and seeks wrongful death damages for the violation of Plaintiff BEUSE MATHENEY's rights.  Plaintiff BEUSE MATHENEY also seeks attorney's fees under this claim.

102.    Plaintiff LINDA DOMINGUEZ brings this claim individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff LINDA DOMINGUEZ's rights.  Plaintiff LINDA DOMINGUEZ also seeks attorney's fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants STATE OF OREGON, LAKE COUNTY, and DOES 7-10)

103.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

104.    Defendants DOE TROOPERS and DOE DEPUTIES acted under color of law.

105.    Defendants DOE TROOPERS and DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants STATE and COUNTY.

106.    On information and belief, Defendants DOE TROOPERS and DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

107.    Defendants STATE, COUNTY, and DOES 7-10, together with other STATE and COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Using excessive force, including excessive deadly force;

    (b)    Providing inadequate training regarding the use of deadly force;

    (c)    Employing and retaining as police officers individuals such as Defendants DOE TROOPERS and DOE DEPUTIES, who Defendants STATE and

FIRST AMENDED
COMPLAINT FOR DAMAGES

COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining STATE and COUNTY officers, and other personnel, including Defendants DOE TROOPERS and DOE DEPUTIES, who Defendant STATE and COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by STATE and COUNTY officers, including Defendants DOE TROOPERS and DOE DEPUTIES;

(f)     Failing to adequately discipline STATE and COUNTY troopers and deputies, including Defendants DOE TROOPERS and DOE DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)     Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings;

FIRST AMENDED                    20
COMPLAINT FOR DAMAGES

     (j)     Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force, including Tasers, in working condition.

     (k)     As a matter of policy, refusing to release officer-involved reports as required according to statute in order to avoid critical review of CITY police officer conduct.

108.     By reason of the aforementioned acts and omissions, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

109.     Defendants STATE, COUNTY, DOE TROOPERS, DOE DEPUTIES, and DOES 7-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ, and other individuals similarly situated.

110.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOE TROOPERS, DOE DEPUTIES and DOES 7-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained,

FIRST AMENDED         21
COMPLAINT FOR DAMAGES

and still tolerated by Defendants STATE, COUNTY, DOE TROOPERS, DOE DEPUTIES, and

DOES 7-10 were affirmatively linked to and were a significantly influential force behind the

injuries of DECEDENT and Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M.,

VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and

LINDA DOMINGUEZ, including but not limited to Defendant DOE TROOPERS and DOE

DEPUTIES' unreasonable use of excessive force, including deadly force, against DECEDENT.

111.    Accordingly, Defendants STATE, COUNTY, DOE TROOPERS, DOE

DEPUTIES, and DOES 7-10 each are liable to ANGELICA MATHENEY, individually and as

Personal Representative of the ESTATE OF ISAAC MATHENEY, G.M., A.M., M.M.,

VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and

LINDA DOMINGUEZ for compensatory damages under 42 U.S.C. § 1983.

112.    Plaintiff ANGELICA MATHENEY brings this claim individually for the

interference with her relationship with her husband DECEDENT and seeks wrongful death

damages for the violation of Plaintiff ANGELICA MATHENEY's rights.  Plaintiff ANGELICA

MATHENEY also brings this claim as Personal Representative of the ESTATE OF ISAAC

MATHENEY seeks survival damages, including pre-death pain and suffering, emotional

distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.

Plaintiff ANGELICA MATHENEY, individually and as Personal Representatibe of ESTATE

OF ISAAC MATHENEY seeks attorney's fees under this claim.

113.    Plaintiff G.M. brings this claim individually for the interference with her

relationship with her father DECEDENT and seeks wrongful death damages for the violation of

Plaintiff G.M.'s rights.  Plaintiff G.M. also seeks attorney's fees under this claim.

114.    Plaintiff A.M. brings this claim individually for the interference with her

relationship with his father DECEDENT and seeks wrongful death damages for the violation of

Plaintiff A.M.'s rights.  Plaintiff A.M. also seeks attorney's fees under this claim.

115.    Plaintiff M.M. brings this claim individually for the interference with her relationship with his father DECEDENT and seeks wrongful death damages for the violation of Plaintiff M.M.'s rights.  Plaintiff M.M. also seeks attorney's fees under this claim.

116.    Plaintiff VICTORIA TAYLOR-MATHENEY brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff VICTORIA TAYLOR-MATHENEY's rights.  Plaintiff VICTORIA TAYLOR-MATHENEY also seeks attorney's fees under this claim.

117.    Plaintiff KIASIA BAGGENSTOS brings this claim individually for the interference with her relationship with her father DECEDENT and seeks wrongful death damages for the violation of Plaintiff KIASIA BAGGENSTOS's rights.  Plaintiff KIASIA BAGGENSTOS also seeks attorney's fees under this claim.

118.    Plaintiff BEUSE MATHENEY  brings this claim individually for the interference with his relationship with his son DECEDENT and seeks wrongful death damages for the violation of Plaintiff BEUSE MATHENEY's rights.  Plaintiff BEUSE MATHENEY also seeks attorney's fees under this claim.

119.    Plaintiff LINDA DOMINGUEZ brings this claim individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff LINDA DOMINGUEZ's rights.  Plaintiff LINDA DOMINGUEZ also seeks attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery

(By Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC MATHENEY against Defendants STATE, COUNTY, DOE TROOPERS, and DOE DEPUTIES)

120.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

121.    Defendants DOE TROOPERS and DOE DEPUTIES, while working as law enforcement for OSP and LCSD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of Defendants DOE TROOPERS and DOE DEPUTIES, DECEDENT ultimately died from her injuries.  Defendants DOE TROOPERS and DOE DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

122.    As a direct and proximate result of the conduct of Defendants DOE TROOPERS and DOE DEPUTIES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

123.    STATE is vicariously liable for the wrongful acts of Defendants DOE TROOPERS pursuant to section 30.265(1) of the Oregon Revised Statutes, which provides that a public entity may be held liable for the torts caused by its employees acting within the scope of their employment or duties.

124.    COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 30.265(1) of the Oregon Revised Statutes, which provides that a public entity may be held liable for the torts caused by its employees acting within the scope of their employment or duties.

125.    The conduct of Defendants DOE TROOPERS and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff ANGELICA MATHENEY as personal representative to the ESTATE OF ISAAC MATHENEY, to an award of exemplary and punitive damages as to Defendants DOE TROOPERS and DOE DEPUTIES.

126.    Plaintiff ANGELICA MATHENEY brings this claim as personal representative of the ESTATE OF ISAAC MATHENEY. Plaintiff ANGELICA MATHENEY seeks wrongful death damages under this claim.

FIRST AMENDED                                    24
COMPLAINT FOR DAMAGES

## NINTH CLAIM FOR RELIEF

### Negligence

(By Plaintiff ANGELICA MATHENEY as Personal Representative of the ESTATE OF ISAAC

MATHENEY against All Defendants)

127.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 120 of this Complaint with the same force and effect as if fully set forth herein.

128.    Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

129.    Defendants DOE TROOPERS, DOE DEPUTIES, and DOES 7-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants DOE TROOPERS, DOE DEPUTIES, and DOES 7-10 were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)    the negligent use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including DOE TROOPERS and DOE DEPUTIES;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)    the negligent handling of evidence and witnesses; and

FIRST AMENDED                  25
COMPLAINT FOR DAMAGES

(h)    the negligent communication of information during the incident.

130.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ suffered emotional distress and mental anguish. Plaintiffs ANGELICA MATHENEY, G.M., A.M., M.M., VICTORIA TAYLOR-MATHENEY, KIASIA BAGGENSTOS, BEUSE MATHENEY, and LINDA DOMINGUEZ also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

131.    STATE is vicariously liable for the wrongful acts of Defendants DOE TROOPERS pursuant to section 30.265(1) of the Oregon Revised Statutes, which provides that a public entity may be held liable for the torts caused by its employees acting within the scope of their employment or duties.

132.    COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 30.265(1) of the Oregon Revised Statutes, which provides that a public entity may be held liable for the torts caused by its employees acting within the scope of their employment or duties.

133.    Plaintiff VERONICA MCLEOD brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff VERONICA MCLEOD seeks survival damages and wrongful death damages under this claim.

134.    Plaintiff ANGELICA MATHENEY brings this claim as personal representative of the ESTATE OF ISAAC MATHENEY. Plaintiff ANGELICA MATHENEY seeks wrongful death damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ANGELICA MATHENEY, individually and as Personal Representative of the Estate of ISAAC MATHENEY; G.M., a minor by and through her

guardian ad litem Angelica Matheney, individually; A.M., a minor by and through his guardian

ad litem Angelica Matheney, individually; M.M., a minor by and through his guardian ad litem

Angelica Matheney, individually; VICTORIA TAYLOR-MATHENEY, individually; KIASIA

BAGGENSTOS, individually; BEUSE MATHENEY, individually; and LINDA DOMINGUEZ,

individually, requests entry of judgment in their favor and against Defendants Defendants

STATE OF OREGON, LAKE COUNTY, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated:  January 19, 2023                    **LAW OFFICES OF DALE K. GALIPO**
                                            **PAULSON COLETTI TRIAL ATTORNEYS PC**


By            */s/ Dale K. Galipo*
              Dale K. Galipo, appearing *Pro Hac Vice*
              John M. Coletti, OSB No. 942740
              Attorneys for Plaintiffs

FIRST AMENDED                    27
COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


Dated:  January 19, 2023          **LAW OFFICES OF DALE K. GALIPO**
                                   **PAULSON COLETTI TRIAL ATTORNEYS PC**


                                        */s/ Dale K. Galipo*
_____
                                   Dale K. Galipo, appearing *Pro Hac Vice*
                                   John M. Coletti, OSB No. 942740
                                   Attorneys for Plaintiffs